UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR ALVARADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 cv 9641 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| OFFICER MATTHEW HUDAK, individually, ) | |
| OFFICER TERRANCE O'BRIEN, individually, ) | |
| OFFICER ALAN TAKEI, individually, ) | |
| OFFICER PAMON MIR, individually, ) | |
| SERGEANT GARY CICCOLA, individually, and ) | |
| VILLAGE OF SCHAUMBURG, an Illinois ) | |
| Municipal Corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Victor Alvarado, filed a seven Count Complaint alleging constitutional violations under 42 U.S.C. § 1983 by defendants stemming from his November 12, 2010, arrest and conviction that was later vacated. Defendants move to dismiss the Complaint [16] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Alvarado fails to state a claim for violations of his due process rights (Counts I and II) and supervisor liability (Count V). Defendants also seek dismissal of Counts III, IV, VI, and VII, as derivative of the other claims. For the reasons stated below, the Court grants the motion and dismisses the Complaint.

**Background**

When reviewing a motion to dismiss, the Court must accept as true factual allegations in the Complaint and draw all reasonable inferences in Alvarado's favor. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2079 (2011). On November 12, 2010, defendant Schaumburg Police Officers Matthew Hudak and Terrance O'Brien obtained a search warrant for Alvarado's residence and arrested him on felony drug charges. (Dkt. 1 at ¶14). Alvarado alleges that Hudak and O'Brien obtained the warrant by

1

falsely asserting that they witnessed Alvarado sell narcotics to a confidential informant in exchange for pre-marked U.S. bills on two occasions outside his residence. (*Id.* at ¶13).

Both Hudak and O'Brien testified during pre-trial motions. In January 2012, Alvarado filed a Motion to Suppress. Hudak testified at the hearing and the judge denied the Motion to Suppress. (*Id.* at ¶21). On June 4, 2012, Alvarado pled guilty and was sentenced to six years in prison. (*Id.* at ¶22). He served nearly ten months before the court granted his motion to vacate his sentence after Hudak and O'Brien themselves pled guilty to unlawful delivery of a controlled substance, official misconduct, and armed violence. O'Brien is serving a twenty-four year sentence and Hudak is serving a twenty-six year sentence in the Illinois Department of Corrections. (*Id.* at ¶11).

**Legal Standard**

In order to withstand a motion to dismiss pursuant to Rule 12(b)(6), the allegations must contain sufficient factual material that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007). When considering a motion to dismiss, the Court accepts as true all well-pleaded facts and draws all reasonable inferences in the light most favorable to the non-moving party. *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

Defendants jointly move to dismiss Alvarado's Complaint in its entirety. Defendants seek dismissal of Counts I and II, arguing that the Complaint fails to adequately allege due process violations for fabrication of evidence and noncompliance with *Brady* obligations. Defendants assert that Count V fails to state a claim for supervisor liability. Lastly, defendants argue that the remaining Counts are derivative of the claims in Counts I, II, and V, and therefore cannot stand alone. The Court will address each argument in turn.

*1. Due Process: Fabrication of Evidence*

Defendants argue that this Court must dismiss Count I because, although it is characterized as a substantive due process claim, it is really a reframing of a false arrest and malicious prosecution claim. The Seventh Circuit recently clarified that allegations of evidence fabrication can support a due process violation under section 1983. *Saunders-El v. Rhode,* 778 F.3d 556, 559 (7th Cir. 2015). The court explained that allegations that sound in malicious prosecution must be brought pursuant to state law. *Id.* at 560. Further, as the court previously held "a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of his liberty in some way." *Id.* (quoting *Whitlock v. Brueggmann,* 682 F.3d 567, 580 (7th Cir. 2012)). The court also reiterated that there must be some deprivation of liberty and thus, a defendant who was released on bond following arrest and later acquitted cannot establish a due process claim despite fabricated evidence used to prosecute him. *Id.* at 561 (citing *Alexander v. McKinney,* 692 F.3d 553, 557 (7th Cir. 2012)). Additionally, appearing in court and defending against charges also does not constitute a deprivation of liberty. *Id.* at 561.

The problem with Alvarado's evidence fabrication claim however is not related to deprivation of liberty. The Complaint alleges that Hudak and O'Brien provided false testimony at pretrial hearings, planted narcotics, and falsified reports. (Dkt. 1 at ¶15). Hudak and O'Brien are entitled to absolute immunity for their testimony at pretrial hearings. *See Curtis v. Bembenek,* 48 F.3d 281, 285 (7th Cir. 1995) ("[The police officer defendant] is entitled to absolute immunity … for his testimony at both the preliminary hearing and the hearing on [plaintiff's] motion to quash arrest and suppress evidence."); *see also Elsayed v. Village of Schaumburg, et al.,* No. 14 C 8387, 2015 WL 1433071, 2015 U.S. Dist. LEXIS 38269, *11-12 (N.D. Ill. Mar. 26, 2015) (Chang, J.) (finding the same defendant officers immune for a similar allegation of due process violation for evidence fabrication). With respect to the falsified reports, Alvarado does not provide any factual particulars about the reports and how they were used to secure his conviction. In *Munoz v. Rivera et al.,* the court found

that the plaintiff had not adequately stated a claim where the complaint did not identify or describe the particulars of any "false report" nor did it allege who received them or how they were used. *Munoz v. Rivera, et al.,* No. 14 C 6794, 2015 WL 3896917, 2015 U.S. Dist. LEXIS 80967, *9 (June 23, 2015) (Bucklo, J.). The allegations regarding the planted narcotics are similarly lacking in factual detail, particularly with regard to how that was used to secure his conviction. Presumably, Alvarado knew the officers allegedly planted drugs and falsified their reports and testimony when he chose to plead guilty. Accordingly, Alvarado fails to state a claim under due process for evidence fabrication. [1]

*2. Due Process: Brady Violation*

Defendants move to dismiss Count II of the Complaint for failure to state a claim for a due process violation based on noncompliance with *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), disclosure obligations. "A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused." *Mosley v. City of Chicago,* 614 F.3d 391, 397. Alvarado alleges both that the fabrication of evidence violates his constitutional rights and, separately, that the police officers' failure to admit their misdeeds to the prosecution amounts to a withholding of exculpatory evidence in violation of *Brady*. (Dkt. 1 at ¶19). Alvarado also alleges more generally that defendants violated *Brady* by withholding exculpatory evidence without elaborating on the type of evidence.

In *Saunders-El*, the Seventh Circuit rejected the premise that the police officers' silence following their alleged fabrication of evidence results in a *Brady* violation. *Saunders-El,* 778 F.3d at 562 (citing *Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007)). Although the Complaint here contains other allegations of withholding exculpatory evidence, they amount only to conclusory statements of the kind that fails to meet basic pleading standards under *Iqbal*. For example, the Complaint states that the defendants "deliberately withheld and concealed exculpatory and

---

[1] The allegations would likely support a false arrest or malicious prosecution claim yet it is undisputed that such claims would be untimely.

impeachment evidence from Mr. Alvarado and prosecutors," and "[w]ithout their misconduct of concealing and withholding exculpatory evidence, Mr. Alvarado would not have been prosecuted or convicted." (Dkt. 1 at ¶¶44, 45). At no point in the Complaint does Alvarado state what exculpatory evidence, beyond the officers' alleged falsehoods, the government should have turned over. While *Brady* imposes a duty on prosecutors to discover favorable evidence known to anyone working on the government's behalf, including police, *Kyles v. Whitley*, 514 U.S. 419, 437 (U.S. 1995), "*Brady* does not require the creation of exculpatory evidence, nor does it compel police officers to accurately disclose the circumstances of their investigations to the prosecution." *Saunders-El,* 778 F.3d at 562. Further, as noted above, Alvarado was aware that Hudak and O'Brien's statements were false and that they allegedly planted the narcotics. Accordingly, Alvarado fails to state a claim for a *Brady* violation.

*3. Supervisor Liability*

Defendants also move to dismiss Count V for failing to state a claim of supervisor liability against Sgt. Gary Ciccola. Alvarado alleges that Ciccola "failed to properly train and supervise" Hudak and O'Brien, which "led to the fabrication of evidence, and the withholding of exculpatory evidence," and that Ciccola approved the felony charges against Alvarado. (Dkt. 1 at ¶24, also ¶¶65, 67, 68). Alvarado also alleges that Ciccola was the Village of Schaumburg Police Department Supervisor "in charge and in command and at the scene of this incident, and directed and supervised the acts and conduct" of the officer defendants. (*Id.* at ¶64).

For claims brought under section 1983, respondeat superior is unavailable. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Snyder v. Smith*, 7 F. Supp. 3d 842, 863 (S.D. Ind. 2014). In order for a supervisor to be liable in a section 1983 case, "[t]he supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with

5

deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992-993 (7th Cir. 1988); *see also Matthews v. East St. Louis,* 675 F.3d 703, 708 (7th Cir. 2012). Alvarado must also show that the supervisor's action or inaction was "affirmatively linked" to the deprivation of his constitutional rights. *Snyder,* 7 F. Supp. 3d at 864 (citing *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)). Reviewing the allegations even in the light most favorable to Alvarado, he does nothing more than allege that Ciccola was the supervisor and acted in a supervisory role. The allegations are purely conclusory and simply restate the elements of a supervisor liability claim. Therefore, this Court dismisses Count V.

*4. Derivative Claims*

Defendants move to dismiss the remaining claims in Counts III (failure to intervene), IV (conspiracy), VI (*Monell* municipal liability), and VII (indemnification) because they are derivative of the constitutional claims. This Court dismisses the derivative claims based on Alvarado's failure to state a constitutional claim without which the derivative claims are not sustainable.

**Conclusion**

Based on the foregoing, this Court grants defendants' Motion to Dismiss [16] without prejudice. Alvarado is allowed 28 days from the entry of this Order to file an Amended Complaint. IT IS SO ORDERED.

Date: 8/20/15

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge