# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTOR ALVARADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14 cv 9641 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| OFFICER MATTHEW HUDAK, individually, | ) |
| OFFICER TERRANCE O'BRIEN, individually, | ) |
| OFFICER ALAN TAKEI, individually, | ) |
| OFFICER PAMON MIR, individually, | ) |
| SERGEANT GARY CICCOLA, individually, and | ) |
| VILLAGE OF SCHAUMBURG, an Illinois | ) |
| Municipal Corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Victor Alvarado, filed a six-count First Amended Complaint alleging constitutional violations under 42 U.S.C. § 1983 by defendants stemming from his November 12, 2010, arrest and conviction that was later vacated. Defendants move to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Alvarado fails to state a claim for violations of his due process rights (Count I) and supervisor liability (Count IV) [30]. Defendants also seek dismissal of Counts II, III, V, and VI as derivative of the other claims. For the reasons stated below, the Court grants in part and denies in part the motion.

**Background**

On August 20, 2015, this Court granted defendants' Motion to Dismiss the Original Complaint without prejudice and with leave to amend. On September 16, 2015, Alvarado filed the First Amended Complaint. Although the basic allegations are the same, the First Amended Complaint ("FAC") contains more factual support for Alvarado's claims.

1

On November 12, 2010, defendant Schaumburg Police Officers Matthew Hudak and Terrance O'Brien obtained a search warrant for Alvarado's residence. (Dkt. 26, First Amended Complaint at ¶13). The FAC alleges that Hudak and O'Brien fabricated evidence in the complaint for a search warrant, in the general case report, and supplementary report. (*Id.*) Specifically, the FAC alleges the following information was false:

- On November 11, 2010, a confidential informant ("CI") met with Hudak and O'Brien. The officers directed the CI the call Alvarado to set up drug transactions on two separate occasions.

- On November 11, 2010, Alvarado sold drugs to the CI in exchange for pre-marked U.S. bills on two separate occasions, and on the second exchange, the officers witnessed the transaction in front of Alvarado's residence.

Hudak and O'Brien fabricated the CI and the entire series of transactions of November 11, 2010. Alvarado alleges that this information was in the complaint for a search warrant, causing the judge to issue a search warrant. (*Id.* at ¶ 15). Hudak and O'Brien were unable to keep the gender of the fabricated CI straight, referring to her as female in the complaint for search warrant and him as male in the general case report and supplementary report. (*Id.* at ¶ 16). Without creating the CI and the fictional transactions of November 11, 2010, Hudak and O'Brien would not have obtained the search warrant used to search Alvarado's residence and leading to his arrest. (*Id.* at ¶ 17). While executing the search warrant on November 12, 2010, Hudak and O'Brien fabricated more evidence, including:

- planting narcotics and falsely stating in their reports that the planted narcotics belonged to Alvarado and were discovered in his room;

- falsely stating in the arrest and supplementary report that Alvarado told Hudak and O'Brien that he had narcotics in the top dresser drawer of his room and had offered to show the officers where the drugs were located.
- falsely stating in the arrest and supplementary reports that Alvarado told the officers that the drugs were his and he was solely responsible for them;
- falsely stating in the police reports that Officer Hudak had recovered a pre-marked $10 bill from Alvarado's possession that was allegedly given to him by the CI during a drug transaction. (*Id.* at ¶ 19).

O'Brien signed two Felony Complaints against Alvarado stating that Alvarado possessed between 15 and 100 grams of cocaine with the intent to deliver. (*Id.* at ¶ 20). Hudak and O'Brien also attested to the Cook County State's Attorney the evidence listed above, which was memorialized in the Felony Minute Sheet. (*Id.* at ¶ 21). Hudak and O'Brien are listed as prosecuting witnesses. Based on the information provided by Hudak and O'Brien, Alvarado was charged with felony narcotics crimes and imprisoned for thirty-one days. (*Id.* at ¶ 22). Hudak testified at the preliminary hearing and subsequent motion hearing for the prosecution. Alvarado faced a potential 30 years in prison if convicted at trial. Alvarado's retained counsel recommended he plead guilty based on the evidence provided by Hudak and O'Brien. Alvarado pled guilty and was sentenced to 6 years in prison.

On January 13, 2013, Officers Hudak and O'Brien were charged with multiple felonies as a result of an investigation by U.S. Drug Enforcement Agency and the DuPage County State's Attorney's Office. (*Id.* at ¶ 31). Based on the charges against Hudak and O'Brien, Alvarado filed a Motion to Vacate his Conviction, which was granted on April 15, 2013. (*Id.* at ¶¶ 32-33). The Cook County State's Attorney dismissed all charges against Alvarado on May 1, 2013. (*Id.* at ¶ 34).

**Legal Standard**

In order to survive dismissal under Rule 12(b)(6), a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While specific facts are not necessary, the complaint must give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098-1099 (7th Cir. 2015) (internal citations omitted). The allegations in the complaint must state a plausible claim for relief with factual allegations sufficient to raise the right to relief above the speculative level. *Id.* at 1099 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). When considering a motion to dismiss, the court accepts as true all well-pleaded allegations, *Twombly*, 550 U.S. at 555, and draws all reasonable inferences in favor of the nonmoving party. *Pisciotta v. Old Nat. Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

First, defendants move to dismiss Count IV for supervisor liability against Sgt. Gary Ciccola as untimely. A plaintiff need not anticipate or overcome a statute of limitations affirmative defense. *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015) (citing *Cancer Fndtn, Inc. v. Carberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009)). However, the district court may dismiss the complaint if the allegations in the complaint establish a statute of limitations defense. *Id.* The statute of limitations for § 1983 actions is based on state law, which is two years in Illinois. *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). A §1983 action accrues when the plaintiff "knows or has reasons to know that his constitutional rights have been violated." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). Claims for unlawful search and seizure accrue immediately at the time of the alleged act. *Evan v. Poskon,* 603 F.3d 362, 363 (7th Cir. 2010); *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Alvarado did not respond to defendants' assertion that his claim for supervisor liability is untimely. Since the claim for supervisor liability stems from the obtaining and

4

execution of the search warrant, it accrued on November 12, 2010, the date of the incident. Alvarado filed the original complaint in this matter on December 2, 2014, well beyond the two year statute of limitations. Accordingly, this Court dismisses Count IV with prejudice.

Next, defendants move to dismiss Alvarado's due process claim in Count I as well as all the derivative claims in Counts II, III, V, and VI, for failure to state a claim. Defendants first argue that Alvarado's due process violation claim based on the fabrication of evidence must be characterized as a malicious prosecution claim and thus must be dismissed. Defendants further assert that a due process claim based on fabricated evidence is not available to Alvarado because such a claim may not apply to police officers and the evidence must have been used at a trial resulting in a wrongful conviction. *See Fields v. Wharrie*, 740 F.3d 1107, 1111-13 (7th Cir. 2014) ("*Fields II*"); *Whitlock v. Brueggemann*, 682 F.3d 567, 581 (7th Cir. 2012). However, the Seventh Circuit has not yet determined whether a police officer who fabricates evidence against a suspect and later uses that evidence to convict him violates due process. *See Stinson v. Gauger*, 799 F.3d 833, 842 (7th Cir. 2015). The court in *Stinson* held that the facts there did not support a due process violation even under *Whitlock* and *Fields II* because it was not clear whether the experts, who allegedly fabricated their opinions, knew their opinions were false and intentionally fabricated their testimony. *Id.* at 843.

Here, unlike in *Stinson,* Alvarado states a claim for a due process violation based on Hudak and O'Brien's fabrication of evidence. Based on the allegations in the Amended Complaint, Hudak and O'Brien knew the falsity of the evidence that they provided to the judge who issued the search warrant and to the prosecution who filed the charges. Indeed, both officers were convicted of crimes, including official misconduct, following this incident and Alvarado's conviction was vacated for this reason. The fabricated evidence was used to deprive Alvarado of his liberty. Although defendants argue that the fabricated evidence must be used at trial, no court has yet held that the fabricated evidence must be used at trial. In *Whitlock*, the court stated: "We have consistently held

5

that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty in some way." *Whitlock*, 682 F.3d at 580. Further, the availability of a malicious prosecution claim under state law no longer forecloses a due process claim based on the fabrication of evidence. *See Saunders-El v. Rohde*, 778 F.3d 556, 562 (7th Cir. 2015); *see also Collier v. City of Chicago*, No. 14 C 2157, 2015 WL 5081408, at *6 (N.D. Ill. Aug. 26, 2015) (Kennelly, J.); *Sumling v. Village of East Dundee*, No. 14 C 3794, 2015 WL 5545294, at *3 (N.D. Ill. Sept. 18, 2015) (Kennelly, J.). This Court finds that Alvarado has adequately alleged a due process violation based on the fabrication of evidence by Hudak and O'Brien that was used to deprive him of his liberty.

The Court further finds that the factual infirmities of the original complaint have been remedied in the Amended Complaint. Alvarado has adequately alleged what evidence was fabricated and how it was used to secure the deprivation of his liberty. Accordingly, this Court denies defendants' motion to dismiss Count I. This Court also denies the motion to dismiss as to the derivative claims in Counts II, III, V, and VI since there is a viable constitutional claim on which to base those claims. *See e.g., Indianapolis Contractors Ass'n, Inc. v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999).

**Conclusion**

Based on the foregoing, this Court grants defendants' motion to dismiss [30] Count IV, and denies the motion as to the remaining counts.

IT IS SO ORDERED.

Date: December 30, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge